IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARMEN ELOISA PALMA,

        Petitioner,

v.                                                          No. CV 08-0457 JB/ACT
                                                         CR 03-1890 JB

UNITED STATES OF AMERICA,
WARDEN CRAIG APKER,
JAMES O. BROWNING,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, under rules 1(b) and 4 of the Rules Governing Section 2254 Cases, on Defendant Palma's Petition For Writ Of Habeas Corpus By A Person In Federal Custody, filed May 8, 2008 (CV Doc. 1). Petitioner Carmen Eloisa Palma cites to Fay v. Noia, 372 U.S. 391, 441-43 (1963), indirectly referring to the provisions of 28 U.S.C. § 2241 as the statutory basis of her Petition.

As a preliminary matter, the Court notes that Palma's Petition names the undersigned as a Respondent, thus presenting the question whether the Court should recuse. The United States Court of Appeals for the Tenth Circuit has noted that a pleading naming a judge as a defendant/respondent "does not operate automatically to render the court unable to hear and decide [the case] brought by the plaintiff/petitioner." Switzer v. Berry, 198 F.3d 1255, 1258 (10th Cir. 2000). This is true particularly where, as in this habeas corpus proceeding, the only proper respondent is the petitioner's custodian, a nominal party designated for the government itself. See, e.g., 28 U.S.C. § 2243; Padilla v. Rumsfeld, 542 U.S. 426, 435 (2004) ("'The writ of habeas corpus' acts upon 'the person who holds [the detainee] in what is alleged to be unlawful custody' . . . . ' "[T]his writ . . . is directed to

. . . [the] jailer." '") (internal citations omitted).

Furthermore, and alternatively, if this case were to proceed in this Court as a motion under 28 U.S.C. § 2255 as discussed below, the only proper respondent would be the United States of America. See Heineman v. United States, No. C 08-02461 CW, 2008 WL 2608191, slip ord. at *1 (N.D. Cal. June 27, 2008); *and see* § 2255 R.4(b).

The Tenth Circuit has emphasized that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Id. at 351. Thus, the recusal "statute must not be so broadly construed that it becomes . . . presumptive . . ." Id. (internal quotations omitted). The recusal statute "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

The Compendium of Selected Ethics Opinions states: "Judge need not recuse from a case involving a party that filed suit against the judge, where judicial immunity will be a complete defense to the action against the judge." Committee on Codes of Conduct, Compendium of Selected Ethics Opinions § 3.6-7 (2007), http://jnet.ao.dcn/Guide/Volume_2/Chapter_5/Part_One/Canon_3/ Sec_36.html. The Compendium of Selected Ethics provides guidance to judges on ethical questions. The policy that supports this ethics guidance is strong. It prevents any party, who does not like a ruling issued by a judge, from suing the judge and being able to have their case reheard by a different judge. Permitting such actions does not promote judicial efficiency or fairness to all parties involved in the litigation.

Advisory Opinion Number 103 by the Committee on Codes of Conduct deals with recusal considerations arising from harassing claims against judges. In its opinion, the Committee refers to Canon 3C(1) of the Code of Conduct for United States Judges, which governs many of the issues

related to harassing litigation against judges. Canon 3C(1) states in relevant part:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a proceeding; . . .
>
> (c) the judge knows that [he or she] . . . has a financial interest in the subject matter in controversy . . . or any other interest that could be affected substantially by the outcome of the proceeding;
>
> (d) the judge . . . :
>
> (i) is a party to the proceeding . . .
>
> (iii) is known . . . to have an interest that could be substantially affected by the outcome of the proceeding; or
>
> (iv) is . . . likely to be a material witness in the proceeding

Committee on Codes of Conduct, Advisory Opinion No. 103, (2002) http://jnet.ao.dcn/Guide/Volume_2/Chapter_4/Adv_Opinion_103.html. "When recusal is not mandated by one of the categories enumerated in Canon3C(1)," a judge should consider, "the nature of the complaint, the applicable law, the possibility of factual issues involving the credibility of the named judge . . . and any other circumstances that might provide a reasonable ground for questioning the impartiality of the assigned judge." Id. The advisory opinion comments on whether a judge need recuse him or herself from a pending claim when a litigant brings a separate suit against the judge:

> A litigant with a case pending before a judge may respond to an adverse ruling by initiating a complaint against the judge . . . . A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant.  Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint

>against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier unrelated matter, brought by the same litigant.

Id. The advisory opinion goes on to say that "[a] complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant." Id. The opinion explains that "such a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and thus will not require the judge to recuse." Id.

"Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000)(citing Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981)). Even if a judge acts in error, with malicious intent or in excess of authority, that judge "'does not act in the clear absence of all jurisdiction.'" Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "Moreover, a judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Id. (internal citation and quotations omitted). Absolute judicial immunity is immunity from suit altogether. See Mireles v. Waco, 502 U.S. 9, 11 (1991)(citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

In deciding whether absolute judicial immunity applies, courts are to look at the "'functions [the immunity] protects and serves, not [at] the person to whom it attaches.'" Id. (quoting Valdez v. City and County of Denver, 878 F.2d 1285, 1287 (10th Cir. 1989)). Judges are not entitled to absolute judicial immunity for non-judicial acts, i.e., acts taken that are not in the judge's judicial capacity. See id. (citing Forrester v. White, 484 U.S. 219, 227-229 (1988), and Stump v. Sparkman, 435 U.S. at 360). "[W]hether an act by a judge is a 'judicial' one relates to the nature of the act

itself,

i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Id. at 12 (citations omitted). Judges are, however, entitled to legislative immunity when acting in a legislative capacity. See Supreme Court v. Consumers Union of United States, 446 U.S. 719, 734 (1980). "The rationale of the doctrine of judicial immunity -- 'the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants' -- also is equally applicable to [a party's] charge that in performing their judicial duties the judges of [a] court were engaging in a conspiracy against [a party]." Green v. Seymour, 59 F.3d 1073, 1078 (10th Cir. 1995)(quoting Pulliam v. Allen, 466 U.S. 522, 537-38 (1984)).

Judges acting in regards to state disciplinary issues sometimes act in a judicial capacity and sometimes act in a legislative capacity. A judge acts in a judicial capacity when hearing appeals from disciplinary proceedings. See Supreme Court v. Consumers Union of United States, 446 U.S. at 734. Because "[d]isciplinary rules are rules of general application and are statutory in character," because "[t]hey act not on parties litigant but on all those who practice law in [a state]," and because "[t]hey do not arise out of a controversy which must be adjudicated, but instead out of a need to regulate conduct for the protection of all citizens," a court acts in a legislative capacity when it enacts disciplinary rules. Id. at 731 (internal citations and quotations omitted).

While Palma has not asked the Judge to recuse himself, the Court believes that it is appropriate to consider that issue on this motion. Accordingly, the Court has reviewed the ethical rules to see whether it should continue to preside over both Palma's civil and criminal cases in light of the fact that Palma has listed the Judge as a defendant on her habeas Petition. After carefully reviewing the facts and circumstances, and what guidance it can find in the ethical rules of conduct

and case law, the Court will not recuse at this time. From Palma's Petition, it appears that she is attempting to sue the Judge because she believes that he proceeded in her criminal matter without possessing jurisdiction. The Court notes, however, that the Judge is not a proper respondent in this case and thus, there is no need for the judge to recuse himself from Palma's civil proceeding. Because the judge was not a proper respondent to Palma's civil suit, there is no need for the Judge to recuse himself from Palma's criminal suit. Even if the Judge was a proper party to Palma's civil case, however, the Court believes that because a judge is absolutely immune from liability for his judicial acts, and because determining that the Court has jurisdiction is a function normally performed by a judge, such action is afforded judicial immunity. Because finding that the court has jurisdiction over Palma's case was not "committed in the clear absence of all jurisdiction," Whitesel v. Sengenberger, 222 F.3d at 867, the Court believes that judicial immunity would preclude a suit against the Judge based on these allegations. The Court, therefore, will not recuse itself from either Palma's civil or criminal case at this time.

Initially, the Court reviews the Petition under "the power inherent in every court to control the disposition of the causes on its docket." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). It is clear from the face of the Petition that Palma filed her Petition in the United States District Court for the District of Arizona and sent a copy to this Court. The Clerk then opened this civil case as a habeas corpus proceeding. The Court will dismiss this later-filed, duplicate Petition. See Landis v. N. Am. Co., 299 U.S. at 254; Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir. 1984) (noting courts' "inherent power . . . to regulate their docket, promote judicial efficiency, and deter frivolous filings.").

Alternatively, the gravamen of Palma's Petition is that the United States did not affirmatively prove subject-matter jurisdiction in its indictment against her and that this Court therefore lacked

6

jurisdiction over her criminal case.  The relief that Palma seeks under this argument, if available, must be pursued under 28 U.S.C. § 2255.  The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence.  See Baker v. Sheriff of Santa Fe County, 477 F.2d 118, 119 (10th Cir. 1973); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus").  Palma's pro-se characterization of her claims under § 2241 is not dispositive.  See Roman-Nose v. New Mexico Dep't of Human Serv., 967 F.2d 435, 436-37 (10th Cir. 1992).

Section 2255 expressly contemplates Palma's claim: relief is available where "the court was without jurisdiction to impose such sentence."  28 U.S.C. § 2255.  In this circumstance,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998), quoted with approval in United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000)).  In light of the ruling in United States v. Kelly, the Court concludes that it should notify Palma of possible consequences if the Court were to recharacterize her Petition as a § 2255 motion.

On the other hand, the Court is not required to recharacterize the Petition.  In United States v. Valadez-Camarena, 402 F.3d 1259 (10th Cir. 2005), the Tenth Circuit noted that a district court does not abuse its discretion in declining to recast a pleading under § 2255 if the § 2255 motion would be untimely.  See 402 F.3d at 1261.  More than three years have passed since Palma's judgment became final, see 28 U.S.C. § 2255 (limiting time for motion to one year), and the Court will thus decline to recharacterize her Petition as a § 2255 motion.  On the other hand, because the

relief sought is available only under § 2255, the Court will dismiss the Petition. See 28 U.S.C. § 2254 R.1(b), 4; 28 U.S.C. § 2255 R.1(a)(3), 4(b).

Also, the Court notes that the Information against Palma incorporated a count from the Indictment for conspiring to distribute cocaine base ("crack"). Because the Sentencing Guidelines applicable to crack-cocaine convictions have recently been amended retroactively, the Court has appointed counsel for Palma in the criminal proceeding. The dismissal of Palma's habeas corpus Petition is without prejudice to her right to seek relief under the amended Guidelines.

**IT IS ORDERED** that Defendant Palma's Petition For Writ Of Habeas Corpus By A Person In Federal Custody, filed May 8, 2008 (CV Doc. 1), is dismissed as duplicative of an original proceeding filed in another district. Alternatively, the Petition is dismissed without prejudice to Defendant Carmen Eloisa Palma's right to seek relief under the amended Guidelines applicable to cocaine-base convictions. This civil proceeding is dismissed.

_____
UNITED STATES DISTRICT JUDGE